# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

GREG ANDREWS,

    **Plaintiff,**

-vs-              Case No.  6:10-cv-1187-Orl-22DAB

FLORIDA FIRE & SOUND, INC. and
RICHARD J. O'ROURKE, III,

    **Defendants.**

_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

   This cause came on for consideration without oral argument on the following motion filed herein:

| | |
|---|---|
| **MOTION:** | **JOINT MOTION FOR APPROVAL OF SETTLEMENT AGREEMENT AND UPON COURT APPROVAL, FOR DISMISSAL OF THE ACTION WITH PREJUDICE (Doc. No. 30)** |
| **FILED:** | **February 18, 2011** |

**THEREON** it is **RECOMMENDED** that the motion be **GRANTED**.

   This cause came on for consideration upon referral by the District Judge to determine whether the settlement is a "fair and reasonable resolution of a bona fide dispute" over FLSA issues.  *See Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1354-55 (11th Cir. 1982).  If a settlement is not one supervised by the Department of Labor, the only other route for compromise of FLSA claims is provided in the context of suits brought directly by employees against their employer under section 216(b) to recover back wages for FLSA violations.  "When employees bring a private action

for back wages under the FLSA, and present to the district court a proposed settlement, the district court may enter a stipulated judgment after scrutinizing the settlement for fairness." *Id.* at 1353 (citing *Schulte, Inc. v. Gangi*, 328 U.S. 108).

The Eleventh Circuit has held that "[s]ettlements may be permissible in the context of a suit brought by employees under the FLSA for back wages because initiation of the action by the employees provides some assurance of an adversarial context." *Id.* at 1354.  In adversarial cases:

> The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought about by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute; we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

*Id.*

Based on Plaintiff's amended response to the Court's Interrogatories to Plaintiff (Doc. 28-1), Plaintiff was employed by Defendant from November 2006 to May 2010.  Doc. No. 28-1.  The settlement to Plaintiff of $2,000 in represents the full disputed amount of unpaid wages and liquidated damages that Plaintiff sought.  Doc. No.  28-1.

The parties have agreed that Defendant will pay Plaintiff's attorneys $2,000 in attorney's fees and costs.  Doc. No. 30.  Because the Plaintiff has received the full amount sought for wages and liquidated damages and there was no compromise of the claim, the Court does not review the amount attorney's fees and costs.

The settlement to Plaintiff of $2,000 for unpaid wages and  $2,000 for attorney's fees and costs is a fair and reasonable settlement.  Accordingly, it is respectfully **RECOMMENDED** that the Joint Motion for Approval of Settlement Agreement (Doc. No. 30) be **GRANTED.**

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on February 23, 2011.

_David A. Baker_

DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Courtroom Deputy